# E-filing



1  PAUL L. REIN, Esq., (SBN 43053)
   JULIE A. OSTIL, Esq., (SBN 215202)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile:  510/832-4787

5  Attorneys for Plaintiff
   PATRICIA BERNE

6

7

8            UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
9

10

11  PATRICIA BERNE,              CASE NO. C07-03486
                                 Civil Rights
12        Plaintiff,

13                               **COMPLAINT FOR PRELIMINARY AND**
    v.                           **PERMANENT INJUNCTIVE RELIEF**
14                               **AND DAMAGES: DENIAL OF CIVIL**
                                 **RIGHTS AND ACCESS TO PUBLIC**
15                               **FACILITIES TO PHYSICALLY**
    EAST-WEST HOLDINGS dba        **DISABLED PERSONS, AND PER**
16  BURMA SUPERSTAR             **CALIFORNIA STATUTES (INCLUDING**
    RESTAURANT; DAVID AND       **CIVIL CODE §§ 51, 52, 54, 54.1, 54.3,**
17  LING WONG FAMILY            **AND §55; and HEALTH & SAFETY**
    TRUST; and DOES 1-25,       **CODE §§19955, *et seq.*); INJUNCTIVE**
18  Inclusive,                   **RELIEF PER TITLE III, AMERICANS**
                                 **WITH DISABILITIES ACT OF 1990**
19        Defendants.
                            /    **DEMAND FOR JURY TRIAL**
20

21        Plaintiff PATRICIA BERNE complains of Defendants EAST-WEST

22  HOLDINGS dba BURMA SUPERSTAR RESTAURANT; DAVID AND LING

23  WONG FAMILY TRUST; and DOES 1-25, Inclusive, and each of them, and

24  alleges as follows:

25

26        1.   **INTRODUCTION:**    This case involves the denial of accessible

27  restaurant facilities, including denial of accessible entrance, seating, path of

28  travel, and restroom facilities, to plaintiff Patricia Berne and other disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1   persons at the Burma Superstar restaurant, located at 307 Clement St., San

2   Francisco, California.  Plaintiff Patricia Berne is a "person with a disability" or

3   "physically handicapped person."  Plaintiff requires the use of a motorized

4   wheelchair for locomotion and is unable to use portions of public facilities which

5   are not accessible to disabled persons who require the use of a wheelchair.  On

6   April 22, 2007, plaintiff was denied her rights to full and equal access at these

7   facilities, and was denied her civil rights under both California law and federal

8   law, as hereinbelow described, because these facilities were not, and are not now,

9   properly accessible to physically disabled persons who use wheelchairs.  Plaintiff

10   seeks injunctive relief to require defendants to make these facilities accessible to

11   disabled persons and to ensure that any disabled person who attempts to use the

12   facilities will be provided accessible entry, accessible paths of travel, and

13   accessible and usable sanitary facilities.  Plaintiff also seeks recovery of damages

14   for her discriminatory experience, and denial of access and of her civil rights,

15   which denial is continuing as a result of defendants' failure and refusal to provide

16   disabled accessible facilities.  Plaintiff also seeks recovery of reasonable attorney

17   fees, litigation expenses and costs, according to statute.

18       2.    **JURISDICTION:** This Court has jurisdiction of this action

19   pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act

20   of 1990, 42 USC 12101, *et seq*.  Pursuant to pendant jurisdiction, attendant and

21   related causes of action arising from the same facts are also brought under

22   California law, including but not limited to violations of California Government

23   Code §4450*, et. seq.*; Health & Safety Code §19955, *et seq*., including §19959;

24   Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,

25   54.1, 54.3 and 55.

26       3.    **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)

27   and is founded on the fact that the real property which is the subject of this action

28   is located in this district and that plaintiff's causes of action arose in this district.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -2-     S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1      4.      **INTRADISTRICT:**  This case should be assigned to the

2   Oakland/San Francisco intradistrict as the real property which is the subject of

3   this action is located in this intradistrict and plaintiff's causes of action arose in

4   this intradistrict.

5      5.      **PARTIES:** Plaintiff is a qualified physically disabled person who

6   cannot walk and who requires use of a motorized wheelchair for locomotion.

7   Defendants East-West Holdings dba Burma Superstar Restaurant; David and Ling

8   Wong Family Trust, and Does 1-25, Inclusive, are the owners, operators, lessors,

9   and lessees of the business, property, building and/or portions thereof located at

10  309 Clement St., San Francisco, California.  This restaurant, Burma Superstar,

11  (hereinafter also "Restaurant") is a "public accommodation and business

12  establishment" subject to the requirements of California Health & Safety Code

13  §19955 *et seq.* and of California Civil Code §§ 51, 54, *et seq.*  Such facilities

14  have, since July 1, 1970, undergone construction and/or "alterations, structural

15  repairs, or additions" subjecting such building to disabled access requirements per

16  Health & Safety Code §§ 19955-19959, *et seq.*  Such alterations since July 1,

17  1982 also subjected the building to requirements of California's Title 24, the State

18  Building Code.  Further, irrespective of the alteration history, such premises are

19  subject to the "readily achievable" barrier removal requirements of Title III of the

20  Americans With Disabilities Act of 1990.

21     6.      The true names and capacities of Defendants Does 1 through 25,

22  Inclusive, are unknown to plaintiff who therefore sues said defendants by such

23  fictitious names.  Plaintiff is informed and believes that each of the defendants

24  herein designated as a Doe is legally responsible in some manner for the events

25  and happenings herein referred to and caused injury and damages proximately

26  thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

27  show such true names and capacities when the same have been ascertained.

28     7.      Defendants East-West Holdings dba Burma Superstar Restaurant;

1   David and Ling Wong Family Trust, and Does 1-25, Inclusive, are and were the

2   owners, operators, lessors and lessees of the subject business, property and/or

3   building at all times relevant to this Complaint. Plaintiff is informed and believes

4   that each of the defendants herein is the agent, employee or representative of each

5   of the other defendants, and performed all acts and omissions stated herein within

6   the scope of such agency or employment or representative capacity and is

7   responsible in some manner for the acts and omissions of the other defendants in

8   proximately causing the damages complained of herein.

9

10   **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
     **FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**
11   **ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
     **(California Health & Safety Code §§ 19955, *Et Seq.*, Civil Code §54.1)**
12

13       8.    Plaintiff repleads and incorporates by reference, as if fully set forth

14   again herein, the factual allegations contained in Paragraphs 1 through 7, above,

15   and incorporates them herein by reference as if separately repled hereafter.

16       9.    Plaintiff Patricia Berne and other similarly situated physically

17   disabled persons who require the use of a wheelchair are unable to use public

18   facilities on a "full and equal" basis unless each such facility is in compliance

19   with the provisions of California Health & Safety Code §§ 19955, *et seq.*

20   Plaintiff is a member of that portion of the public whose rights are protected by

21   the provisions of Health & Safety Code §§ 19955, *et seq.*

22       10.   Health & Safety Code §§ 19955 and 19955.5 were enacted "To

23   ensure that public accommodations or facilities constructed in this state with

24   private funds adhere to the provisions of Chapter 7 (commencing with Section

25   4450) of Division 5 of Title 1 of the Government Code." The Government Code

26   sections enacted in 1968 required provision of access in government buildings

27   upon new construction or alteration. In 1970 California Health & Safety Code §§

28   19955-19959 applied these standards to privately owned public accommodations.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -4-    S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1  On information and belief the provisions of both Health and Safety Code §§

2  19955 and 19955.5, apply to the restaurant located at 309 Clement St., San

3  Francisco, California.  The code relating to such public accommodations also

4  requires that "When sanitary facilities are made available for the public, clients, or

5  employees ..., they shall be made available for persons with disabilities."  Title

6  24, California Code of Regulations, formerly known as the California

7  Administrative Code, was in effect at the time of each alteration which, on

8  information and belief, occurred at such public facility since July 1, 1982, thus

9  requiring access complying with the specifications of Title 24 whenever each

10  such "alteration, structural repair or addition" was carried out.  On information

11  and belief, defendants and/or their predecessors in interest carried out alterations,

12  structural repairs, or additions to the building during the period Title 24 has been

13  in effect.  On information and belief, alterations, structural repairs, or additions

14  which triggered access requirements also occurred between July 1, 1970 and July

15  1, 1982, and required access pursuant to the A.S.A. (American Standards

16  Association) Regulations then in effect, pursuant to the incorporated provisions of

17  California Government Code §§ 4450*ff*.

18  　　　11.  **FACTUAL STATEMENT:**    On or about April 22, 2007, plaintiff

19  Patricia Berne went to the Burma Superstar restaurant at 309 Clement St., San

20  Francisco, to have dinner there with friends.   Because she had heard that the

21  Restaurant was popular, she arrived shortly after 5 p.m., but still had to wait a

22  considerable length of time because plaintiff was told by defendants' employees

23  that the Restaurant has a <u>policy</u> of not taking reservations, even for physically

24  disabled persons.  However, plaintiff was not able to wait inside the Restaurant,

25  as the only "waiting area" inside the Restaurant was on a fixed bench, against a

26  wall, just inside the front entrance; if plaintiff in her motorized wheelchair had

27  tried to wait anywhere inside the front entrance she would have totally blocked all

28  other persons from entry into the Restaurant.  For this reason defendants "no

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -5-        S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1 reservations" policy improperly impacts and discriminates against disabled
2 wheelchair users, as does the provision of a "waiting area" which cannot be used
3 by plaintiff and other similarly situated disabled persons.

4     12.    After a substantial wait, plaintiff and her party were invited into the
5 restaurant to be seated. Plaintiff had some difficulty entering the Restaurant, as
6 the doorway was approximately five inches too narrow, and there is an improperly
7 steep entry ramp. Moreover, in order for plaintiff to reach any of the tables in the
8 Restaurant it was necessary to have other patrons stand while their tables were
9 moved to the side, as the Restaurant does not maintain any proper interior paths of
10 travel of sufficient width for a wheelchair to pass through the Restaurant. This is
11 also true for going from any of the tables to the single unisex restroom. Although
12 plaintiff required use of the restroom facilities during her meal, she was unable to
13 pass through the tables and the patrons seated at their tables to reach the restroom,
14 and departed the Restaurant in substantial physical discomfort. However, based
15 on inspection by plaintiff's representatives subsequent to plaintiff's visit, had
16 plaintiff been able to get to the restroom she would still have been unable to use it
17 as the path of travel into the restroom was blocked, the doorway to the restroom is
18 not properly configured, has improper knob type hardware and improperly
19 designed and located locking mechanisms, and the interior of the restroom is not
20 sufficiently large for a disabled person with a motorized wheelchair to make use
21 of the toilet or sink. On information and belief, the toilet and sink are each not
22 properly configured: the grab bars behind or to the side of the toilet are of
23 insufficient size and improperly located; the toilet is not at the proper distance
24 from the wall; the sink is not properly designed to allow wheelchair use; and
25 furniture, cabinets, and other materials further reduce the usable space inside the
26 restroom. For all intents and purposes, the restroom is totally unusable by
27 physically disabled persons who require use of a wheelchair, such as plaintiff. On
28 information and belief, the restroom is also inaccessible to most other mobility

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-    S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1    impaired physically disabled persons.

2        13.    This public facility is inaccessible to persons with disabilities in
3    multiple aspects, including but not limited to the following: entrance, interior
4    paths of travel, service counters, public restroom, and dining areas, all rendering
5    these premises inaccessible to and unuseable by physically disabled persons.  All
6    facilities must be brought into compliance with all applicable federal and state
7    code requirements.

8        14.    Further, each and every violation of the Americans With Disabilities
9    Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
10   which are repled and incorporated herein, word for word, as if separately repled),
11   also constitutes a separate and distinct violation of  California Civil Code §54(c),
12   thus independently justifying an award of damages and injunctive relief pursuant
13   to California law, including but not limited to Civil Code §§ 54.3 and 55.

14       15.    Further, each and every violation of the Americans With Disabilities
15   Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
16   which are repled and incorporated herein, word for word, as if separately repled),
17   also constitutes a separate and distinct violation of California Civil Code
18   §54.1(d), thus independently justifying an award of damages and injunctive relief
19   pursuant to California law, including but not limited to Civil Code §§ 54.3 and
20   55.

21       16.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit
22   the acts and omissions of defendants as complained of herein which are
23   continuing on a day-to-day basis and which have the effect of wrongfully
24   excluding plaintiff and other members of the public who are physically disabled
25   wheelchair users from full and equal access to these public facilities.  Such acts
26   and omissions are the cause of humiliation and mental and emotional suffering of
27   plaintiff in that these actions continue to treat plaintiff as an inferior and second
28   class citizen and serve to discriminate against her on the sole basis that she is a

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES         -7-         S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1  person with disabilities and requires the use of a wheelchair for movement in

2  public places. Plaintiff is unable, so long as such acts and omissions of defendants

3  continue, to achieve equal access to and use of these public buildings and

4  facilities, and cannot return to use these facilities until they are made properly

5  accessible to disabled persons.  Plaintiff alleges that she intends to return and

6  patronize this restaurant, once legally required access has been provided.  The

7  acts of defendants have proximately caused and will continue to cause irreparable

8  injury to plaintiff if not enjoined by this Court.

9       17.     Wherefore plaintiff asks this Court to preliminarily and permanently

10  enjoin any continuing refusal by defendants to grant full and equal access to

11  plaintiff in the respects complained of and to require defendants to comply

12  forthwith with the applicable statutory requirements relating to access for disabled

13  persons.  Such injunctive relief is provided by California Health & Safety Code

14  §19953 and California Civil Code §55, and other law.  Plaintiff further requests

15  that the court award attorney fees, litigation expenses, and costs  pursuant to

16  Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil

17  Procedure §1021.5 and other law, all as hereinafter prayed for.

18       18.     **DAMAGES:**  As a result of the denial of equal access to the facility

19  and due to the acts and omissions of defendants and each of them in owning,

20  operating, leasing, constructing, altering, and maintaining the subject facility,

21  plaintiff suffered a violation of her civil rights, including but not limited to rights

22  under Civil Code §§ 54 and 54.1, all to her damages per Civil Code §54.3,

23  including damages for physical, mental and emotional injuries, statutory damages,

24  and statutory treble damages, as hereinafter stated.  Defendants' actions and

25  omissions to act constitute discrimination against plaintiff on the sole basis that

26  she was and is physically disabled and unable, because of the architectural

27  barriers created and/or maintained by the defendants in violation of the subject

28  laws, to use the public facilities on a full and equal basis as other persons.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1    19.    **FEES AND COSTS:** As a result of defendants' acts, omissions, and

2  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

3  costs as provided by statute, in order to enforce plaintiff's rights and to enforce

4  provisions of the law protecting access for disabled persons and prohibiting

5  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

6  reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

7  of Civil Code §§ 54.3 and 55.  Additionally, plaintiff's lawsuit is intended to

8  require that defendants make their facilities accessible to all disabled members of

9  the public, justifying "public interest" attorney fees, litigation expenses and costs

10  pursuant to the provisions of California Code of Civil Procedure §1021.5 and

11  other applicable law.

12             Wherefore plaintiff prays for relief as hereinafter stated:

13

14                    **SECOND CAUSE OF ACTION:**
                   **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
15          **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
                      **ON THE BASIS OF DISABILITY**
16

17    20.    Plaintiff repleads and incorporates by reference, as if fully set forth

18  again herein, the factual allegations contained in Paragraphs 1 through 19, above,

19  and incorporates them herein by reference as if separately repled hereafter.

20    21.    At all times herein mentioned, the Unruh Civil Rights Act, California

21  Civil Code §51(b), provided that:

22         All persons within the jurisdiction of this state are free and equal,
           and no matter what their sex, race, color, religion, ancestry, national
23         origin, disability, or medical condition are entitled to the full and
           equal accommodations, advantages, facilities, privileges, or services
24         in all business establishments of every kind whatsoever.

25  Per §51(f),

26         A violation of the right of any individual under the Americans With
           Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
27         violation of this section.

28    22.    Plaintiff suffered damages as above described as a result of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -9-        S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1  defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple

2  regards, including but not limited to violations of the ADA, as described in the

3  Third Cause of Action, *infra*, the contents of which cause of action is

4  incorporated herein as if separately repled.  California Civil Code §52(a) provides

5  that each such violation entitles plaintiff to "the actual damages, and any amount

6  that may be determined by a jury, or a court sitting without a jury, up to a

7  maximum of three times the amount of actual damage but in no case less than four

8  thousand dollars ($4,000), and any attorney's fees that may be determined by the

9  court in addition thereto..."

10         WHEREFORE, plaintiff prays for damages and injunctive relief as

11  hereinafter stated.

12

13                          **THIRD CAUSE OF ACTION:**
      **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
14                          **42 USC §12101*FF***

15     23.    Plaintiff repleads and incorporates by reference, as if fully set forth

16  again herein, the allegations contained in  Paragraphs 1 through 22 of this

17  Complaint, and incorporates them herein as if separately repled.

18     24.    Pursuant to law, in 1990 the United States Congress made findings

19  per 42 USC §12101 regarding physically disabled persons, finding that laws were

20  needed to more fully protect "some 43,000,000 Americans [with] one or more

21  physical or mental disabilities;" that "historically, society has tended to isolate

22  and segregate individuals with disabilities;" that "such forms of discrimination

23  against individuals with disabilities continue to be a serious and pervasive social

24  problem;" that "the Nation's proper goals regarding individuals with disabilities

25  are to assure equality of opportunity, full participation, independent living, and

26  economic self-sufficiency for such individuals;" and that "the continuing

27  existence of unfair and unnecessary discrimination and prejudice denies people

28  with disabilities the opportunity to compete on an equal basis and to pursue those

1  opportunities for which our free society is justifiably famous..."

2        25.    Congress stated as its purpose in passing the Americans with

3  Disabilities Act (42 USC §12101(b))

4        It is the purpose of this Act

5        (1) to provide a clear and comprehensive national mandate for the
       elimination of discrimination against individuals with disabilities;

6

7        (2) to provide clear, strong, consistent, enforceable standards addressing
       discrimination against individuals with disabilities;

8        (3) to ensure that the Federal Government plays a central role in enforcing
       the standards established in this Act on behalf of individuals with

9        disabilities; and

10       (4) to invoke the sweep of congressional authority, including the power to
       enforce the fourteenth amendment and to regulate commerce, in order to

11       address the major areas of discrimination faced day-to-day by people with
       disabilities. (Emphasis added)

12

13       26.    As part of the Americans with Disabilities Act, Public Law 101-336,

14  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations

15  and Services Operated by Private Entities" (42 USC 12181ff).  The subject

16  property and facility is one of the "private entities" which are considered "public

17  accommodations" for purposes of this title, per §301(7)(B), which includes any

18  "restaurant, bar, or other sales or rental establishment serving food or drink."

19       27.    Pursuant to §302, 42 USC §12182, "No individual shall be

20  discriminated against on the basis of disability in the full and equal enjoyment of

21  the goods, services, facilities, privileges, advantages, or accommodations of any

22  place of public accommodation by any person who owns, leases, or leases to, or

23  operates a place of public accommodation."

24       28.    Among the specific prohibitions against discrimination were

25  included:

26  §302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

27  practices, or procedures when such modifications are necessary to afford such

28  goods, services, facilities, privileges, advantages, or accommodations to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -11-        S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1   individuals with disabilities...;"

2   §302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that

3   no individual with a disability is excluded, denied service, segregated, or

4   otherwise treated differently than other individuals because of the absence of

5   auxiliary aids and services...:"

6   §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

7   barriers that are structural in nature, in existing facilities... where such removal is

8   readily achievable;"

9   §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

10  under clause (iv) is not readily achievable, a failure to make such goods, services,

11  facilities, privileges, advantages, or accommodations available through alternative

12  methods if such methods are readily achievable."  The acts and omissions of

13  Defendants set forth herein were in violation of Plaintiff's rights under the ADA,

14  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part

15  36*ff.*

16       29.    The removal of each of the barriers complained of by plaintiff as

17  hereinabove alleged, were at all times herein mentioned "readily achievable"

18  under the standards of the Americans With Disabilities Act.  As noted

19  hereinabove, removal of each and every one of the architectural barriers

20  complained of herein were also required under California law.  Further, on

21  information and belief, alterations, structural repairs or additions since January

22  26, 1992 have also independently triggered requirements for removal of barriers

23  to access for disabled persons per §303 of the ADA.

24       30.    On information and belief, as of the date of plaintiff's encounter at

25  the premises and as of the filing of this Complaint, the premises have denied and

26  continue to deny full and equal access to plaintiff and to other disabled persons,

27  including wheelchair users, in other respects, which violated plaintiff's rights to

28  full and equal access and which discriminated against plaintiff on the basis of her

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -12-        S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1   disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

2   goods, services, facilities, privileges, advantages and accommodations, in

3   violation of §302 of the ADA, 42 USC §12182.

4        31.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,

5   §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of

6   the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected

7   to discrimination on the basis of disability in violation of this title and has

8   reasonable grounds for believing that she is about to be subjected to

9   discrimination in violation of §302 and §303.  On information and belief,

10  defendants have continued to violate the law and deny the rights of plaintiff and

11  other disabled persons access to this public accommodation since on or before

12  defendant's encounters as previously discussed.  Pursuant to §308(a)(2), "In cases

13  of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an

14  order to alter facilities to make such facilities readily accessible to and usable by

15  individuals with disabilities to the extent required by this title."

16       32.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

17  Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

18  Regulations adopted to implement the Americans with Disabilities Act of 1990.

19  Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is

20  being subjected to discrimination on the basis of disability in violation of Title III

21  and who has reasonable grounds for believing she will be subjected to such

22  discrimination each time that she may attempt to use the property and premises.

23       Wherefore plaintiff prays for relief as hereinafter stated:

24  //

25  //

26  //

27  //

28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -13-      S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

## **PRAYER**

Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises  and related  facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2.     Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.     Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4.     Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.     For prejudgment interest pursuant to California Civil Code § 3291;

6.     Grant such other and further relief as this Court may deem just and proper.

Dated: June 30, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_Paul L. Rein_

Attorneys for Plaintiff
PATRICIA BERNE

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -14-          S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd

1
## DEMAND FOR JURY

2          Plaintiff hereby demands a jury for all claims for which a jury is

3  permitted.

4

5  Dated: June 30, 2007

                              PAUL L. REIN
6          JULIE A. OSTIL
                              LAW OFFICES OF PAUL L. REIN
7

8

9          Attorneys for Plaintiff
                              PATRICIA BERNE

10

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -15-        S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.CMP.wpd