CATHERINE M. CORFEE, SBN 155064
CORFEE STONE & ASSOCIATES
5441 FAIR OAKS BOULEVARD, SUITE B-1
CARMICHAEL, CA 95608
TELEPHONE: (916) 487-5441
FACSIMILE: (916) 487-5440

ATTORNEYS FOR DEFENDANT
EAST WEST HOLDINGS, DBA BURMA SUPERSTAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BERNE | Case No.: C07-03486 CW |
| Plaintiff, | **ANSWER OF DEFENDANT EAST WEST HOLDINGS dba BURMA SUPERSTAR RESTAURANT TO COMPLAINT** |
| vs. | |
| EAST WEST HOLDINGS dba BURMA SUPERSTAR RESTAURANT; DAVID AND LING WONG FAMILY TRUST; and DOES 1-25, Inclusive | **JURY DEMANDED** |
| Defendants | |

Defendant EAST WEST HOLDINGS dba BURMA SUPERSTAR RESTAURANT, by and through its attorneys, Corfee Stone & Associates, hereby respond to Plaintiff's Complaint. Defendant reserves the right to amend, add or strike affirmative defenses as discovery ensues or due to any inadvertence. Defendant further reserves the right to raise affirmative defenses and admit such as a defense at trial which are subsequently discovered through the discovery process.

1. Answering the allegations of Paragraph 1, defendant currently lacks sufficient knowledge to respond to the allegations regarding plaintiff's disability, and on this basis, it denies the allegations. Defendant denies all other allegations in said paragraph and denies that plaintiff is entitled to any relief whatsoever.

2. Answering the allegations of Paragraph 2, defendant admits only that the Court has jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. section 12101, but the Court should not exercise subject matter jurisdiction and/or supplemental jurisdiction over the state claims which California has a strong state interest in.

3. Answering the allegations of Paragraph 3 of the Complaint, Defendant admits that venue is proper.

4. Answering the allegations of Paragraph 4 of the Complaint, Defendant admits that the Oakland/San Francisco intradistrict is proper. Defendant denies that any acts and omissions complained of by Plaintiff took place at all.

5. Answering the allegations of Paragraph 5 of the Complaint, Defendant currently lack sufficient knowledge to respond to the allegations regarding plaintiffs disability, and on this basis, denie the allegations. Defendant East West Holdings admits that it owns and operates the restaurant. Defendant East West holdings admits that the restaurant is a place of public accommodation. Defendant denies all other allegations in Paragraph 5. The cited law speaks for itself.

6. Answering the allegations of Paragraph 6 of the Complaint, Defendant currently lacks sufficient knowledge to respond to the allegations, and on this basis, it denies the allegations.

7. Answering the allegations of Paragraph 7, Defendant East West Holdings admits that it owns and operates the restaurant. Defendant denies all other allegations in Paragraph 7.

8. Defendant incorporates herein by reference their responses to paragraphs 1 through 7.

9. Answering the allegations of Paragraph 9 of the Complaint, Defendant currently lacks sufficient knowledge to respond to the allegations, and on this basis, it denies the allegations.

10. Answering the allegations of Paragraph 10 of the Complaint, statements of law and policy are not allegations that Defendants can respond to and the cited law speaks for itself. Defendant denies all other allegations in Paragraph 10.

11. Answering the allegations of Paragraph 11, Defendant denies all allegations in Paragraph 11.

12. Answering the allegations of Paragraph 12, Defendant denies all allegations in Paragraph 12.

13. Answering the allegations of Paragraph 13, Defendant denies all allegations in Paragraph 13.

14. Answering the allegations of Paragraph 14, Defendant denies all allegations in Paragraph 14. Defendant denies that Plaintiff is entitled to any relief whatsoever.

15. Answering the allegations of Paragraph 15, Defendant denies all allegations in Paragraph 15. Defendant denies that Plaintiff is entitled to any relief whatsoever.

16. Answering the allegations of Paragraph 16, Defendant denies all allegations in Paragraph 16. Defendant denies that Plaintiff is entitled to any relief whatsoever.

17. Answering the allegations of Paragraph 17, Defendant denies that Plaintiff is entitled to any relief whatsoever.

18. Answering the allegations of Paragraph 18, Defendant denies all allegations in Paragraph 18. Defendant denies that Plaintiff is entitled to any relief whatsoever, or that Plaintiff has suffered any damages.

19. Answering the allegations of Paragraph 19, Defendant denies all allegations in Paragraph 19. Defendant denies that Plaintiff is entitled to any relief whatsoever.

20. Defendant incorporates herein by reference its responses to paragraphs 1 through 19.

21. Answering the allegations of Paragraph 21, statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself.

22. Answering the allegations of Paragraph 22, statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself. Defendant denies all other allegations in Paragraph 22.

23. Defendant incorporates herein by reference its responses to paragraphs 1 through 22.

24. Answering the allegations of Paragraph 24, statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself.

25. Answering the allegations of Paragraph 25, Defendant denies all allegations in Paragraph 25. Statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself.

26. Answering the allegations of Paragraph 26, Defendant denies all allegations in Paragraph 26. Statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself.

27. Answering the allegations of Paragraph 27, statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself.

1  28. Answering the allegations of Paragraph 28, Defendant denies all allegations in Paragraph 28. Statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself.

4  29. Answering the allegations of Paragraph 29 Defendant denies all allegations in Paragraph 29. Statements of law and policy are not allegations that Defendant can respond to and the cited law speaks for itself.

7  30. Answering the allegations of Paragraph 30, Defendant denies all allegations in Paragraph 30.

9  31. Answering the allegations of Paragraph 31, Defendant denies all allegations in Paragraph 31.

11  32. Answering the allegations of Paragraph 32, Defendant denies all allegations in Paragraph 32. Defendant denies that Plaintiff is entitled to any relief whatsoever.

**PRAYER**

Defendant denies that Plaintiff is entitled to judgment or any other relief whatsoever, including all those indicated in Paragraphs 1 through 6 on pages 14 in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

(Laches)

2. AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's delay in asserting his allegations have resulted in prejudice to Defendant, and thus, Plaintiff should be denied relief under the doctrine of laches.

THIRD AFFIRMATIVE DEFENSE

(No Punitive Damages)

3. AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that, regarding all of Plaintiff's causes of action, Plaintiff's allegations are insufficient to sustain the imposition of punitive damages against Defendant.

FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies/Mitigation of Damages)

4. AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to notify Defendant and appropriate state authorities about the alleged violations and therefore failed to exercise her administrative exhaustion requirements under California and federal law. Plaintiff failed to notify Defendant to provide an opportunity to remediate before filing suit to likely resolve alleged access problems fairly and therefore failed to reasonably mitigate her damages.

FIFTH AFFIRMATIVE DEFENSE

(Access Changes Not Required by Law/Disproportionate Cost)

5. AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon allege that some or all of Plaintiff's proposed access changes are not required by applicable law. Defendant is unaware of Plaintiff's specific complaints of alleged architectural barriers as her Complaint is general and vague. Because discovery is ensuing, Defendant is informed and believes that based on future construction/contractor bids regarding proposed access changes, the costs of said bids will show that the proposed changes are disproportionate to the overall previous applicable alteration, if any, and therefore not required under relevant and applicable access law. Defendant asserts this defense based on the discovery of construction/contractor bids and the discovery of proposed access changes and complaints.

SIXTH AFFIRMATIVE DEFENSE

(Structurally Impracticable/Undue Burden /Financially and Technically Infeasible/

Too Expensive/Alternate & Equivalent Access )

6. AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

1  Defendant is informed and believes that to meet the access requirements that Plaintiff requests, such
2  would be structurally impracticable or technically infeasible. Defendant is informed and believes
3  that proposed access changes would be an unnecessary or undue burden and financially infeasible
4  based on future proposed construction/contractor bids and Defendant's earnings, would be
5  practically difficult and/or too expensive and are not required by applicable access law. Moreover,
6  Defendant has alternative methods and equivalent accessibility provided to the disabled, including
7  alternative accessible features which have been implemented to the maximum extent feasible.
8  Defendant asserts the financially infeasible defense based on future construction/contractor bids
9  regarding some or all proposed access changes once disclosed to Defendant by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
(Avoidable Consequences/Mitigation of Damages)

12  7. AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
13  Defendant alleges that Plaintiff failed to take reasonable steps in order to avoid any injury she may
14  have suffered, and thus Plaintiff's claims and any recovery are barred by the doctrine of avoidable
15  consequences. Plaintiff also failed to reasonably mitigate her damages.

## EIGHTH AFFIRMATIVE DEFENSE
(Not Readily Achievable)

18  8. AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
19  Defendant is informed and believes that the proposed access changes are not "readily achievable"
20  as defined by applicable access law.

## NINTH AFFIRMATIVE DEFENSE
(Reliance on Building Authorities/Not Liable for Acts or Omissions of Others)

23  9. AS AND FOR AN NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
24  Defendant is informed and believes that the Complaint and each cause of action alleged therein are
25  barred by reason of Defendant's good faith reliance upon the permissible, reasonable interpretation
26  of the applicable access codes by local government building authorities and the issuance of
27  appropriate building permits and exemptions and/or waivers. Furthermore, Defendant is not liable
28  for acts and/or omissions of former owners and operators or those responsible.

- 6 -

## TENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance)

10. AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believe that the Complaint and each cause of action alleged therein is barred by reason of Defendant's good faith reliance upon the advice of architects and/or designers, contractors, building permit inspectors, government authorities etc. who provided evaluation, approval, consultation and/or exemptions.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Work to Primary Function Area)

11. AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes that some and/or all work to the subject facility, if any, were not to a primary function area.

## TWELFTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

12. AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believe that any proposed access changes would fundamentally alter the nature of the goods, service, facility, privilege, advantage or accommodation being offered.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Standing)

13. AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff lacks standing to maintain this action and each cause of action contained in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

14. AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the damages Plaintiff alleged she sustained were either wholly, or in part, negligently caused by persons, firms, corporations or entities other than these answering Defendant, and said negligence comparatively reduces the percentage of damages attributable, if

1  any, by this answering Defendant.

2  ////

3  ////

#### FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

15. AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred by the Doctrine of Unclean Hands.

#### SIXTEENTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

16. AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that all of Plaintiff's causes of action asserted in her Complaint are barred by the applicable statutes of limitations.

#### SEVENTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Interest)

17. AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and allege that Defendant's actions alleged by the Plaintiff in her Complaint were taken pursuant to a legitimate business interest.

#### EIGHTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

18. AS AND FOR EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and alleges that Plaintiff is estopped from asserting the claims in the Complaint under the doctrine of estoppel because Plaintiff allegedly visited the subject facility on more than one occasion and did not complain of being denied access after the first visit to the subject facility, and Defendant relied on this for not making any access changes to the subject facility.

#### NINETEENTH AFFIRMATIVE DEFENSE

(Health & Safety)

19. AS AND FOR A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and alleges that Defendant is not required to permit Plaintiff to participate in or benefit from its goods, services, facilities, privileges, advantages and accommodations pursuant to 28 CFR §36.208 because Plaintiff poses a direct threat to the health and safety of others.

### TWENTIETH AFFIRMATIVE DEFENSE
(Lack of Jurisdiction)

20. AS AND FOR A TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and alleges lack of jurisdiction because there is no live case or controversy regarding Plaintiff's demands for injunctive relief as access improvements are complete or will be complete.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Assumption of the Risk)

21. AS AND FOR A TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's complaint, and each claim therein, are barred by the doctrine of primary and secondary assumption of the risk.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Proposition 51)

22. AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that its liability for damages, if any, should be reduced pursuant to the provisions of California Civil Code 1431, et. seq.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Misapplication of Code/Wrong Code)

23. AS AND FOR A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that all or some of Plaintiff's allegations of alleged ADA violations are either wholly in applicable as no law exists or wrong or legal contentions that are false and/or patently frivolous.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Statutes of Limitations - As To State Claims)

24. AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for relief is barred by the applicable statue of limitation, including California Civil Code section 340(3).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Preexisting Physical or Mental Conditions)

25. AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges Plaintiff's claims for relief for damages are barred to the extent Plaintiff seek redress for physical and emotional injuries arising from preexisting physical or mental conditions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Alternative Method for Access)

26. AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each purported claim for relief alleged therein, is barred in that Defendant provided alternative method for access to the facility.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Not a Bona Fide Patron)

27. AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each purported claim for relief alleged therein, are barred because Plaintiff was not a bona fide patron of the facility. Instead, if Plaintiff visited the facility, she did so for purpose of instituting the instant litigation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Wrong Defendants)

28. AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has sued the wrong parties.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

29. AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

1 DEFENSE, Defendant alleges that they have no independent knowledge, as of the filing of this Answer, of the facts allegedly constituting the cause of action in Plaintiff's Complaint, and based thereon, hereby respectfully request leave of Court to amend this Answer to include those affirmative defenses that are revealed during the course of discovery.

WHEREFORE, the Answering Defendants pray for judgment against Plaintiff as follows:

(1) That Plaintiff take nothing by reason of her Complaint;

(2) For such costs and expenses of suit incurred herein;

(3) Reasonable attorney's fees according to proof;

(4) For such other and further relief as the Court may deem just and proper.

Dated: August 14, 2007                    CORFEE STONE & ASSOCIATES

BY: /s/CATHERINE M. CORFEE
CATHERINE M. CORFEE
Attorneys for Defendant, EAST WEST HOLDINGS

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

Dated: August 14, 2007                    CORFEE STONE & ASSOCIATES

BY: /s/CATHERINE M. CORFEE
CATHERINE M. CORFEE
Attorneys for Defendant, EAST WEST HOLDINGS