Walter C. Youngman, Jr. (SBN 41202)
J. John Kelly (SBN 55799)
YOUNGMAN, ERICSSON & LOW, LLP
1981 N. Broadway, Suite 300
Walnut Creek, California 94596
Telephone: (925) 930-6000
Facsimile: (925) 934-5377

Attorneys for Defendant
The Ling and David Wong Family Partners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BERNE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EAST WEST HOLDINGS dba BURMA SUPERSTAR RESTAURANT; DAVID AND LING WONG FAMILY TRUST; and DOES 1-25, Inclusive,<br><br>　　　　Defendants.<br><br>THE LING AND DAVID WONG FAMILY PARTNERS,<br><br>　　　　Cross-Complainants,<br><br>vs.<br><br>EASE WEST HOLDINGS, dba BURMA SUPERSTAR RESTAURANT, aka FOCUS CONSULTING, INC., dba BURMA SUPERSTAR RESTAURANT; and ROES 1-25, Inclusive,<br><br>　　　　Cross-Defendants. | Case No. C07-03486 CW<br><br>CROSS-COMPLAINT OF DEFENDANT THE LING AND DAVID WONG FAMILY PARTNERS FOR IMPLIED AND EQUITABLE INDEMNITY, PARTIAL AND IMPLIED EQUITABLE INDEMNITY, COMPARATIVE FAULT, AND EXPRESS INDEMNITY |

Cross-Complainant THE LING AND DAVID WONG FAMILY PARTNERS, erroneously sued herein as "DAVID AND LING WONG FAMILY TRUST", (hereinafter referred to as "WONG FAMILY PARTNERS"), complain and allege as follows:

## GENERAL ALLEGATIONS

1. Cross-Complainant WONG FAMILY PARTNERS is a partnership doing business in the City and County of San Francisco, State of California.

2. Cross-Complainant WONG FAMILY PARTNERS is informed and believes, and on that basis alleges, that Cross-Defendants EAST WEST HOLDINGS, dba BURMA SUPERSTAR RESTAURANT, aka FOCUS CONSULTING, INC., dba BURMA SUPERSTAR RESTAURANT (hereinafter "BURMA SUPERSTAR RESTAURANT"), is a business entity of some description, and at all times relevant hereto was doing business in the City and County of San Francisco, State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Cross-Defendants ROES 1 through 25, inclusive, and each of them, are presently unknown to WONG FAMILY PARTNERS, who, therefore, sues these Cross-Defendants, and each of them, by such fictitious names. If necessary, WONG FAMILY PARTNERS will seek leave of Court to amend this Cross-Complaint to show the true names and capacities of ROES 1 through 25, inclusive, and each of them, when the same have been ascertained.

4. WONG FAMILY PARTNERS is informed and believes, and on that basis alleges, that at all times relevant herein, Cross-Defendants, and each of them, were the agents, employees and servants of each of the remaining Cross-Defendants, and at all times pertinent hereto, were acting within the course and scope of that agency, employment and/or obligation.

5. Plaintiff PATRICIA BERNE caused to be filed on or about July 5, 2007, in the United States District Court for the Northern District of California, Case Number C07-03486, a Complaint for Preliminary and Permanent Injunctive Relief and Damages for Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons. Plaintiff's Complaint is incorporated herein by reference for the limited purpose of setting forth the nature of Plaintiff's claims against the WONG FAMILY PARTNERS. Defendant WONG FAMILY PARTNERS has responded to the allegations of Plaintiff's Complaint with an Answer of Defendant THE

YOUNGMAN, ERICSSON & LOW, LLP
1981 NO. BROADWAY, SUITE 300
WALNUT CREEK, CA 94596
(925) 930-6000

LING AND DAVID WONG FAMILY PARTNERS, erroneously sued herein as "DAVID AND LING WONG FAMILY TRUST", and has expressly denied the charging allegations of Plaintiff's Complaint and has denied that WONG FAMILY PARTNERS is liable to Plaintiff, or any other person or entity, or any of them, for the amounts alleged by them, or in any amount whatsoever.

6. In its Answer to Plaintiff's Complaint, WONG FAMILY PARTNERS has denied any liability for Plaintiff's injuries and damages, and continue to deny any such liability. WONG FAMILY PARTNERS' Answer is incorporated herein by reference as though fully set forth.

### FIRST CAUSE OF ACTION
(Implied and Equitable Indemnity)

7. Cross-Complainant incorporate herein by reference Paragraphs 1 through 6, inclusive, of this Cross-Complaint, as if fully set forth herein.

8. Cross-Complainant is informed and believes, and on that basis alleges, that on or about April 22, 2007, Plaintiff PATRICIA BERNE, was a customer of BURMA SUPERSTAR RESTAURANT at 309 Clement Street, San Francisco, California, for dinner. As a result of her experience on that date, she has filed an action previously incorporated by reference for which she claims various theories of recovery.

9. Cross-Complainant denies that it has any responsibility or liability arising from Plaintiff's Complaint. However, if there is any liability resting with WONG FAMILY PARTNERS, then its liability is only passive and secondary, and is the result of the active and primary acts, omissions and fault of Cross-Defendants, and each of them.

10. As a result thereof, Cross-Defendants, and each of them, are obligated to indemnify Cross-Complainant, and Cross-Complainant is entitled to be totally and/or partially indemnified by Cross-Defendants, and each of them, both from an implied and equitable standpoint, based on the principles of total and equitable indemnification and/or fault. This

*Berne v. East West Holdings, dba Burma Superstar Restaurant, et al.*  
Cross-Complaint of Defendant The Ling and David Wong Family Partners to Complaint  
Case No. C07-03486 CW  
Page 3 of 9

indemnification is for any sums, which Cross-Complainant may be compelled to pay as a result of any damages, judgment and/or award in favor of Plaintiff.

11. Cross-Complainant is additionally entitled to reasonable attorney's fees for expenditure of attorney's services as a result of this right of indemnification, and is also entitled to its costs incurred herein from Cross-Defendants, and each of them.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Partial Implied and Equitable Indemnity)

12. Cross-Complainant re-alleges and incorporates Paragraphs 1 through 11, inclusive, above, as though fully set forth herein.

13. Any damages sustained as a result of Plaintiff's Complaint herein will be due to the active and affirmative misconduct, negligence and/or breach of legal duty by Cross-Defendants, and each of them, and will not have been caused by any act or omission on the part of Cross-Complainant. If any liability exists as to Plaintiff, which Cross-Complainant denies, such liability on the part of Cross-Complainant, if any, will be merely passive and secondary in nature to the affirmative and active misconduct of Cross-Defendants, and each of them.

14. Cross-Complainant denies that it is liable to pay any damages to Plaintiff. In the alternative, Cross-Complainant alleges that if it is liable to pay damages to Plaintiff, it is entitled to be indemnified by Cross-Defendants, and each of them, for any damages they may be required to pay by reason of Plaintiff's Complaint herein, including, but not limited to, Cross-Complainant's costs and reasonable attorney's fees incurred defending this action.

15. An actual and present controversy has arisen and now exists between the parties hereto with respect to the matters hereinabove set forth, because Cross-Complainant contends, and Cross-Defendants deny, as between Cross-Complainant and Cross-Defendants, responsibility, if any, for the damages claimed by Plaintiff herein rests entirely on Cross-

Defendants, and that as a result, Cross-Defendants are obligated to fully indemnify Cross-Complainant for any sum or sums which Cross-Complainant may be compelled to pay as a result of any damages, judgment or other awards recovered by Plaintiff against Cross-Complainant.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Comparative Fault)

16.  Cross-Complainant refers to and incorporates by reference as though fully set forth herein, Paragraphs 1 through 15, inclusive.

17.  Cross-Complainant denies that it is liable to pay any of the damages alleged in the Complaint filed by Plaintiff herein. However, in the event Cross-Complainant is held liable for any such damages, Cross-Complainant is entitled to be indemnified by Cross-Defendants, and each of them, in an amount equal to the percentage by which the aforesaid active negligence, affirmative misconduct, or other breach of legal duty on the part of Cross-Defendants, and each of them, contributed to Plaintiff's damages, if any there were, including but not limited to Cross-Complainant's cost and reasonable attorneys fees occurred in defending this action. Cross-Complainant prays that the comparative fault of the parties, or other entities or persons unknown to Cross-Complainant at this time, should be determined in this action and responsibility should be determined in accordance with comparative fault principles, with Cross-Defendants required to pay that portion of such damages as is equivalent to the amount by which their misconduct contributed to Plaintiff's damages, if any there were.

18.  An actual and present controversy has arisen and now exists between the parties hereto with respect to the matters herein above set forth, because Cross-Complainant contends and Cross-Defendants deny that between Cross-Complainant and Cross-Defendants responsibility, if any, for the damages claimed by Plaintiff herein, rests entirely or partially on Cross-Defendants, or persons or entities unknown to Cross-Complainant at this time, and as a

result Cross-Defendants are obligated to partially or fully indemnify Cross-Complainant for sums which Cross-Complainants may be compelled to pay as a result of any damages, judgment, or other awards recovered by Plaintiff against Cross-Complainant.

19. A determination of these issues is necessary at this time in order that multiple actions can be avoided.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendant and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(Express Indemnity)

20. Cross-Complainant refers to and incorporates as though fully set forth herein Paragraph Nos. 1 through 19, above.

21. On or about April 7, 2006, Cross-Complainant and Cross-Defendants Burma Superstar restaurant entered into a lease agreement relating to certain commercial premises commonly known as 309 Clement Street, San Francisco, California. A Copy of the "Lease Agreement" will be provided during discovery but is incorporated by reference herein as though fully set forth.

22. The Lease Agreement in Paragraph 11 states in part "A. <u>Indemnity and Exculpation of landlord</u>. As a material part of the consideration of this Lease, tenant hereby covenants and agrees to indemnify landlord, and any lender holding a mortgage or deed of trust covering the Premises against and holds same harmless from any and all costs, claims or liability arising from:

    (i) Tenant's use or occupation of the premises;

    (ii) The conduct of tenant's business or anything else done or permitted by tenant to be done in or about the premises;

. . .

(v) The death or injury of any person or persons, including tenant, or any person who is an employee or agent of tenant, caused or allegedly caused by either the condition of said Premises or some act or omission of tenant or some agent, contractor, employee, servant, sub-lessee, or concessionaire of tenant on said premises . . .

(viii) Tenant's failure to comply with any requirement of law or any requirement imposed on landlord or the leased premises by any duly authorized government agency or political subdivision:

(ix) Any and all premises, operational or licensing vocations or compliance requirements of federal, state or local environmental laws, codes or regulations; and

(x) Any and all other acts or omissions of tenant, its employees or agents."

23. Cross-Complainant alleges that the lease agreement provides for the recovery of attorneys fees by Cross-Complainant as against Cross-Defendants.

24. Cross- Complainant has performed all conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the Lease Agreement.

25. If held liable, Cross-Defendants are required to indemnify Cross-Complainant, by terms of this contract, in the amount of any Plaintiff's judgment against Cross-Complainant. Accordingly, by virtue of the contract and applicable law, Cross-Defendants must hold Cross-Complainant harmless and give indemnity for the amount of any judgment or settlement and for expenses, costs of suit, legal fees, and/or other damages and costs which are incurred by Cross-Complainant as a result of this law suit.

26. An actual and present controversy exists between Cross-Complainant and Cross-Defendants. It is contended by Cross-Complainant that the obligation to undertake the defense of this action on behalf of Cross-Complainant, to represent the interests of Cross-Complainant herein, to hold Cross-Complainant harmless and to reimburse Cross-Complainant for any judgment or settlement, and all expenses, legal fees, costs and other damages incurred herein

belongs to Cross-Defendants. A refusal to assume these obligations has thus far been made by Cross-Defendants.

27. A determination of these issues is necessary at this time in order that multiple actions can be avoided.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them as hereinafter set forth:

(1) For a declaration as to the respective rights, duties, obligations and liabilities of Cross-Complainant and Cross-Defendants, and each of them;

(2) For a declaration that Cross-Complainant is entitled to be fully and completely indemnified by Cross-Defendants for any and all damages, costs and reasonable attorneys fees incurred in the defense of Plaintiff's Complaint and prosecution of the within Cross-Complaint against Cross-Defendants, regardless of whether Cross-Complainant is held subject to liability with respect to Plaintiff's Complaint;

(3) In the alternative, for apportionment of damages, if any, which Plaintiff is allowed to recover, said apportionment based upon the comparative percentages of the fault of Cross-Complainant, and Cross-Defendants, and each of them, or any person or entity unknown at this time which contributed to such damages, if any there were;

(4) For a declaratory judgment adjudicating the obligation of Cross-Defendants Burma Superstar restaurant to represent the interests of Cross-Complainants Wong Family Partners, and to hold it harmless from any judgment or settlement, and to reimburse Cross-Complainant for all costs, expenses, legal fees, and other damages incurred in defending this action;

(5) For reasonable attorney fees and costs incurred herein;

///

///

///

(6) For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 1, 2007

YOUNGMAN, ERICSSON & LOW, LLP

By _____
J. JOHN KELLY, III
Attorney for Defendant THE LING AND DAVID WONG FAMILY PARTNERS erroneously sued herein as "David and Ling Wong Family Trust"

YOUNGMAN, ERICSSON & LOW, LLP
1981 NO. BROADWAY, SUITE 300
WALNUT CREEK, CA 94596
(925) 930-6000

## CERTIFICATE OF SERVICE BY MAIL

I, Toni Redgrave, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 1981 North Broadway, Suite 300, Walnut Creek, California 94596, which is located in the county where the mailing described below took place.

On the date set forth below, at my pace of business, I mailed, by United States Postal Service first-class mail, the foregoing:

- **Cross-Complaint of Defendant The Ling and David Wong Family Partners for Implied and Equitable Indemnity, Partial and Implied Equitable Indemnity, Comparative Fault, and Express Indemnity**

To the following attorney at the address listed on the complaint:

**Catherine M. Corfee**
**Corfee Stone & Associates**
**5441 Fair Oaks Boulevard, Suite B-1**
**Carmichael, CA 95608**

**Paul L. Rein, Esq.**
**Julie A. Ostil, Esq.**
**Law Offices of Paul L. Rein**
**200 Lakeside Drive, Suite A**
**Oakland, CA 94612**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on **October 1, 2007**, at Walnut Creek, California.

*/s/ Toni Redgrave*
Toni Redgrave