1  PAUL L. REIN, Esq., (SBN 43053)
   JULIE A. OSTIL, Esq., (SBN 215202)
2  ANN WINTERMAN, Esq., (SBN 222257)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA 94612
4  Telephone: 510/832-5001
   Facsimile: 510/832-4787
5
   Attorneys for Plaintiff
6  PATRICIA BERNE

7

8              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
9

10

11 PATRICIA BERNE,                    CASE NO. C07-03486 CW
                                      Civil Rights
12        Plaintiff,

13                                    **FIRST AMENDED COMPLAINT FOR
   v.                                 PRELIMINARY AND PERMANENT
14                                    INJUNCTIVE RELIEF AND DAMAGES:
                                      DENIAL OF CIVIL RIGHTS AND
15                                    ACCESS TO PUBLIC FACILITIES TO
                                      PHYSICALLY DISABLED PERSONS,
16                                    AND PER CALIFORNIA STATUTES
                                      (INCLUDING (CIVIL CODE §§ 51, 52,
17 DESMOND TAN; DAVID                 54, 54.1, 54.3, AND §55; and HEALTH &
   AND LING WONG FAMILY               SAFETY CODE §§19955, *et seq.*);
18 TRUST; and DOES 1-25,              INJUNCTIVE RELIEF PER TITLE III,
   Inclusive,                         AMERICANS WITH DISABILITIES
19                                    ACT OF 1990
         Defendants.
20 _____/          DEMAND FOR JURY TRIAL**

21

22         Plaintiff PATRICIA BERNE complains of Defendants DESMOND

23 TAN; DAVID AND LING WONG FAMILY TRUST; and DOES 1-25, Inclusive,

24 and each of them, and alleges as follows:

25

26     1.    **INTRODUCTION:**     This case involves the denial of accessible

27 restaurant facilities, including denial of accessible entrance, seating, path of

28 travel, and restroom facilities, to plaintiff Patricia Berne and other disabled

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                -1-         S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1  persons at the Burma Superstar restaurant, located at 307 Clement St., San

2  Francisco, California.  Plaintiff Patricia Berne is a "person with a disability" or

3  "physically handicapped person."  Plaintiff requires the use of a motorized

4  wheelchair for locomotion and is unable to use portions of public facilities which

5  are not accessible to disabled persons who require the use of a wheelchair.  On

6  April 22, 2007, plaintiff was denied her rights to full and equal access at these

7  facilities, and was denied her civil rights under both California law and federal

8  law, as hereinbelow described, because these facilities were not, and are not now,

9  properly accessible to physically disabled persons who use wheelchairs.  Plaintiff

10 seeks injunctive relief to require defendants to make these facilities accessible to

11 disabled persons and to ensure that any disabled person who attempts to use the

12 facilities will be provided accessible entry, accessible paths of travel, and

13 accessible and usable sanitary facilities.  Plaintiff also seeks recovery of damages

14 for her discriminatory experience, and denial of access and of her civil rights,

15 which denial is continuing as a result of defendants' failure and refusal to provide

16 disabled accessible facilities.  Plaintiff also seeks recovery of reasonable attorney

17 fees, litigation expenses and costs, according to statute.

18        2.      **JURISDICTION:**  This Court has jurisdiction of this action

19 pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act

20 of 1990, 42 USC 12101, *et seq.*  Pursuant to pendant jurisdiction, attendant and

21 related causes of action arising from the same facts are also brought under

22 California law, including but not limited to violations of California Government

23 Code §4450, *et. seq.*; Health & Safety Code §19955, *et seq.*, including §19959;

24 Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,

25 54.1, 54.3 and 55.

26        3.      **VENUE:**  Venue is proper in this court pursuant to 28 USC 1391(b)

27 and is founded on the fact that the real property which is the subject of this action

28 is located in this district and that plaintiff's causes of action arose in this district.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW            -2-            S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1    4.    **INTRADISTRICT:** This case should be assigned to the

2  Oakland/San Francisco intradistrict as the real property which is the subject of

3  this action is located in this intradistrict and plaintiff's causes of action arose in

4  this intradistrict.

5    5.    **PARTIES:** Plaintiff is a qualified physically disabled person who

6  cannot walk and who requires use of a motorized wheelchair for locomotion.

7  Defendants Desmond Tan; David and Ling Wong Family Trust; and Does 1-25,

8  Inclusive, are the owners, operators, lessors, and lessees of the business, property,

9  building and/or portions thereof located at 309 Clement St., San Francisco,

10  California. This restaurant, Burma Superstar, (hereinafter also "Restaurant") is a

11  "public accommodation and business establishment" subject to the requirements

12  of California Health & Safety Code §19955 *et seq.* and of California Civil Code

13  §§ 51, 54, *et seq.* Such facilities have, since July 1, 1970, undergone construction

14  and/or "alterations, structural repairs, or additions" subjecting such building to

15  disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq.*

16  Such alterations since July 1, 1982 also subjected the building to requirements of

17  California's Title 24, the State Building Code. Further, irrespective of the

18  alteration history, such premises are subject to the "readily achievable" barrier

19  removal requirements of Title III of the Americans With Disabilities Act of 1990.

20    6.    The true names and capacities of Defendants Does 1 through 25,

21  Inclusive, are unknown to plaintiff who therefore sues said defendants by such

22  fictitious names. Plaintiff is informed and believes that each of the defendants

23  herein designated as a Doe is legally responsible in some manner for the events

24  and happenings herein referred to and caused injury and damages proximately

25  thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

26  show such true names and capacities when the same have been ascertained.

27    7.    Defendants Desmond Tan; David and Ling Wong Family Trust; and

28  Does 1-25, Inclusive, are and were the owners, operators, lessors and lessees of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW    -3-    S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1  the subject business, property and/or building at all times relevant to this

2  Complaint. Plaintiff is informed and believes that each of the defendants herein is

3  the agent, employee or representative of each of the other defendants, and

4  performed all acts and omissions stated herein within the scope of such agency or

5  employment or representative capacity and is responsible in some manner for the

6  acts and omissions of the other defendants in proximately causing the damages

7  complained of herein.

8

9  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
   **FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**

10 **ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
   **(California Health & Safety Code §§ 19955, *Et Seq.*, Civil Code §54.1)**

11

12     8.     Plaintiff repleads and incorporates by reference, as if fully set forth

13 again herein, the factual allegations contained in Paragraphs 1 through 7, above,

14 and incorporates them herein by reference as if separately repled hereafter.

15     9.     Plaintiff Patricia Berne and other similarly situated physically

16 disabled persons who require the use of a wheelchair are unable to use public

17 facilities on a "full and equal" basis unless each such facility is in compliance

18 with the provisions of California Health & Safety Code §§ 19955, *et seq.*

19 Plaintiff is a member of that portion of the public whose rights are protected by

20 the provisions of Health & Safety Code §§ 19955, *et seq.*

21     10.    Health & Safety Code §§ 19955 and 19955.5 were enacted "To

22 ensure that public accommodations or facilities constructed in this state with

23 private funds adhere to the provisions of Chapter 7 (commencing with Section

24 4450) of Division 5 of Title 1 of the Government Code." The Government Code

25 sections enacted in 1968 required provision of access in government buildings

26 upon new construction or alteration. In 1970 California Health & Safety Code §§

27 19955-19959 applied these standards to privately owned public accommodations.

28 On information and belief the provisions of both Health and Safety Code §§

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -4-                S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1   19955 and 19955.5, apply to the restaurant located at 309 Clement St., San

2   Francisco, California.  The code relating to such public accommodations also

3   requires that "When sanitary facilities are made available for the public, clients, or

4   employees ..., they shall be made available for persons with disabilities."  Title

5   24, California Code of Regulations, formerly known as the California

6   Administrative Code, was in effect at the time of each alteration which, on

7   information and belief, occurred at such public facility since July 1, 1982, thus

8   requiring access complying with the specifications of Title 24 whenever each

9   such "alteration, structural repair or addition" was carried out.  On information

10  and belief, defendants and/or their predecessors in interest carried out alterations,

11  structural repairs, or additions to the building during the period Title 24 has been

12  in effect.  On information and belief, alterations, structural repairs, or additions

13  which triggered access requirements also occurred between July 1, 1970 and July

14  1, 1982, and required access pursuant to the A.S.A. (American Standards

15  Association) Regulations then in effect, pursuant to the incorporated provisions of

16  California Government Code §§ 4450*ff.*

17      11.   **FACTUAL STATEMENT:**   On or about April 22, 2007, plaintiff

18  Patricia Berne went to the Burma Superstar restaurant at 309 Clement St., San

19  Francisco, to have dinner there with friends.   Because she had heard that the

20  Restaurant was popular, she arrived shortly after 5 p.m., but still had to wait a

21  considerable length of time because plaintiff was told by defendants' employees

22  that the Restaurant has a policy of not taking reservations, even for physically

23  disabled persons.  However, plaintiff was not able to wait inside the Restaurant,

24  as the only "waiting area" inside the Restaurant was on a fixed bench, against a

25  wall, just inside the front entrance; if plaintiff in her motorized wheelchair had

26  tried to wait anywhere inside the front entrance she would have totally blocked all

27  other persons from entry into the Restaurant.  For this reason defendants "no

28  reservations" policy improperly impacts and discriminates against disabled

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -5-                    S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1  wheelchair users, as does the provision of a "waiting area" which cannot be used

2  by plaintiff and other similarly situated disabled persons.

3        12.    After a substantial wait, plaintiff and her party were invited into the

4  restaurant to be seated. Plaintiff had some difficulty entering the Restaurant, as

5  the doorway was approximately five inches too narrow, and there is an improperly

6  steep entry ramp. Moreover, in order for plaintiff to reach any of the tables in the

7  Restaurant it was necessary to have other patrons stand while their tables were

8  moved to the side, as the Restaurant does not maintain any proper interior paths of

9  travel of sufficient width for a wheelchair to pass through the Restaurant. This is

10  also true for going from any of the tables to the single unisex restroom. Although

11  plaintiff required use of the restroom facilities during her meal, she was unable to

12  pass through the tables and the patrons seated at their tables to reach the restroom,

13  and departed the Restaurant in substantial physical discomfort. However, based

14  on inspection by plaintiff's representatives subsequent to plaintiff's visit, had

15  plaintiff been able to get to the restroom she would still have been unable to use it

16  as the path of travel into the restroom was blocked, the doorway to the restroom is

17  not properly configured, has improper knob type hardware and improperly

18  designed and located locking mechanisms, and the interior of the restroom is not

19  sufficiently large for a disabled person with a motorized wheelchair to make use

20  of the toilet or sink. On information and belief, the toilet and sink are each not

21  properly configured: the grab bars behind or to the side of the toilet are of

22  insufficient size and improperly located; the toilet is not at the proper distance

23  from the wall; the sink is not properly designed to allow wheelchair use; and

24  furniture, cabinets, and other materials further reduce the usable space inside the

25  restroom. For all intents and purposes, the restroom is totally unusable by

26  physically disabled persons who require use of a wheelchair, such as plaintiff. On

27  information and belief, the restroom is also inaccessible to most other mobility

28  impaired physically disabled persons.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -6-                    S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

13.    This public facility is inaccessible to persons with disabilities in multiple aspects, including but not limited to the following: entrance, interior paths of travel, service counters, public restroom, and dining areas, all rendering these premises inaccessible to and unuseable by physically disabled persons.  All facilities must be brought into compliance with all applicable federal and state code requirements.

14.    Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15.    Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW

-7-

S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1  public places. Plaintiff is unable, so long as such acts and omissions of defendants

2  continue, to achieve equal access to and use of these public buildings and

3  facilities, and cannot return to use these facilities until they are made properly

4  accessible to disabled persons.  Plaintiff alleges that she intends to return and

5  patronize this restaurant, once legally required access has been provided.  The

6  acts of defendants have proximately caused and will continue to cause irreparable

7  injury to plaintiff if not enjoined by this Court.

8      17.    Wherefore plaintiff asks this Court to preliminarily and permanently

9  enjoin any continuing refusal by defendants to grant full and equal access to

10  plaintiff in the respects complained of and to require defendants to comply

11  forthwith with the applicable statutory requirements relating to access for disabled

12  persons.  Such injunctive relief is provided by California Health & Safety Code

13  §19953 and California Civil Code §55, and other law.  Plaintiff further requests

14  that the court award attorney fees, litigation expenses, and costs  pursuant to

15  Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil

16  Procedure §1021.5 and other law, all as hereinafter prayed for.

17      18.    **DAMAGES:**  As a result of the denial of equal access to the facility

18  and due to the acts and omissions of defendants and each of them in owning,

19  operating, leasing, constructing, altering, and maintaining the subject facility,

20  plaintiff suffered a violation of her civil rights, including but not limited to rights

21  under Civil Code §§ 54 and 54.1, all to her damages per Civil Code §54.3,

22  including damages for physical, mental and emotional injuries, statutory damages,

23  and statutory treble damages, as hereinafter stated.  Defendants' actions and

24  omissions to act constitute discrimination against plaintiff on the sole basis that

25  she was and is physically disabled and unable, because of the architectural

26  barriers created and/or maintained by the defendants in violation of the subject

27  laws, to use the public facilities on a full and equal basis as other persons.

28      19.    **FEES AND COSTS:**  As a result of defendants' acts, omissions, and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                          -8-              S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

2  costs as provided by statute, in order to enforce plaintiff's rights and to enforce

3  provisions of the law protecting access for disabled persons and prohibiting

4  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

5  reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

6  of Civil Code §§ 54.3 and 55.  Additionally, plaintiff's lawsuit is intended to

7  require that defendants make their facilities accessible to all disabled members of

8  the public, justifying "public interest" attorney fees, litigation expenses and costs

9  pursuant to the provisions of California Code of Civil Procedure §1021.5 and

10  other applicable law.

11          Wherefore plaintiff prays for relief as hereinafter stated:

12

13                          **SECOND CAUSE OF ACTION:**
                   **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
14          **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
                           **ON THE BASIS OF DISABILITY**
15

16          20.     Plaintiff repleads and incorporates by reference, as if fully set forth

17  again herein, the factual allegations contained in Paragraphs 1 through 19, above,

18  and incorporates them herein by reference as if separately repled hereafter.

19          21.     At all times herein mentioned, the Unruh Civil Rights Act, California

20  Civil Code §51(b), provided that:

21          All persons within the jurisdiction of this state are free and equal,
            and no matter what their sex, race, color, religion, ancestry, national
22          origin, disability, or medical condition are entitled to the full and
            equal accommodations, advantages, facilities, privileges, or services
23          in all business establishments of every kind whatsoever.

24  Per §51(f),

25          A violation of the right of any individual under the Americans With
            Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
26          violation of this section.

27          22.     Plaintiff suffered damages as above described as a result of

28  defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -9-                    S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1   regards, including but not limited to violations of the ADA, as described in the

2   Third Cause of Action, *infra*, the contents of which cause of action is

3   incorporated herein as if separately repled.  California Civil Code §52(a) provides

4   that each such violation entitles plaintiff to "the actual damages, and any amount

5   that may be determined by a jury, or a court sitting without a jury, up to a

6   maximum of three times the amount of actual damage but in no case less than four

7   thousand dollars ($4,000), and any attorney's fees that may be determined by the

8   court in addition thereto..."

9           WHEREFORE, plaintiff prays for damages and injunctive relief as

10  hereinafter stated.

11

12                    **THIRD CAUSE OF ACTION:**
    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
13                    **42 USC §12101*FF***

14          23.    Plaintiff repleads and incorporates by reference, as if fully set forth

15  again herein, the allegations contained in  Paragraphs 1 through 22 of this

16  Complaint, and incorporates them herein as if separately repled.

17          24.    Pursuant to law, in 1990 the United States Congress made findings

18  per 42 USC §12101 regarding physically disabled persons, finding that laws were

19  needed to more fully protect "some 43,000,000 Americans [with] one or more

20  physical or mental disabilities;" that "historically, society has tended to isolate

21  and segregate individuals with disabilities;" that "such forms of discrimination

22  against individuals with disabilities continue to be a serious and pervasive social

23  problem;" that "the Nation's proper goals regarding individuals with disabilities

24  are to assure equality of opportunity, full participation, independent living, and

25  economic self-sufficiency for such individuals;" and that "the continuing

26  existence of unfair and unnecessary discrimination and prejudice denies people

27  with disabilities the opportunity to compete on an equal basis and to pursue those

28  opportunities for which our free society is justifiably famous..."

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -10-              S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

25.    Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. (Emphasis added)

26.    As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per §301(7)(B), which includes any "restaurant, bar, or other sales or rental establishment serving food or drink."

27.    Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

28.    Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW

-11-

S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1    §302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that

2    no individual with a disability is excluded, denied service, segregated, or

3    otherwise treated differently than other individuals because of the absence of

4    auxiliary aids and services...:"

5    §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

6    barriers that are structural in nature, in existing facilities... where such removal is

7    readily achievable;"

8    §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

9    under clause (iv) is not readily achievable, a failure to make such goods, services,

10   facilities, privileges, advantages, or accommodations available through alternative

11   methods if such methods are readily achievable." The acts and omissions of

12   Defendants set forth herein were in violation of Plaintiff's rights under the ADA,

13   Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part

14   36ff.

15        29.    The removal of each of the barriers complained of by plaintiff as

16   hereinabove alleged, were at all times herein mentioned "readily achievable"

17   under the standards of the Americans With Disabilities Act. As noted

18   hereinabove, removal of each and every one of the architectural barriers

19   complained of herein were also required under California law. Further, on

20   information and belief, alterations, structural repairs or additions since January

21   26, 1992 have also independently triggered requirements for removal of barriers

22   to access for disabled persons per §303 of the ADA.

23        30.    On information and belief, as of the date of plaintiff's encounter at

24   the premises and as of the filing of this Complaint, the premises have denied and

25   continue to deny full and equal access to plaintiff and to other disabled persons,

26   including wheelchair users, in other respects, which violated plaintiff's rights to

27   full and equal access and which discriminated against plaintiff on the basis of her

28   disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -12-         S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1  goods, services, facilities, privileges, advantages and accommodations, in

2  violation of §302 of the ADA, 42 USC §12182.

3       31.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,

4  §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of

5  the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected

6  to discrimination on the basis of disability in violation of this title and has

7  reasonable grounds for believing that she is about to be subjected to

8  discrimination in violation of §302 and §303.  On information and belief,

9  defendants have continued to violate the law and deny the rights of plaintiff and

10  other disabled persons access to this public accommodation since on or before

11  defendant's encounters as previously discussed.  Pursuant to §308(a)(2), "In cases

12  of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an

13  order to alter facilities to make such facilities readily accessible to and usable by

14  individuals with disabilities to the extent required by this title."

15       32.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

16  Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

17  Regulations adopted to implement the Americans with Disabilities Act of 1990.

18  Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is

19  being subjected to discrimination on the basis of disability in violation of Title III

20  and who has reasonable grounds for believing she will be subjected to such

21  discrimination each time that she may attempt to use the property and premises.

22       Wherefore plaintiff prays for relief as hereinafter stated:

23  //

24  //

25  //

26  //

27  //

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                              -13-                  S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

# PRAYER

Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises  and related  facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2.     Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.     Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4.     Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.     For prejudgment interest pursuant to California Civil Code § 3291;

6.     Grant such other and further relief as this Court may deem just and proper.

Dated: June 30, 2008

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_Julie Ostil_

Attorneys for Plaintiff
PATRICIA BERNE

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW

-14-

S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1

## **DEMAND FOR JURY**

2          Plaintiff hereby demands a jury for all claims for which a jury is

3    permitted.

4

5    Dated: June 30, 2008                    PAUL L. REIN
                                             JULIE A. OSTIL
6                                            LAW OFFICES OF PAUL L. REIN

7

8                                            _____
                                             Attorneys for Plaintiff
9                                            PATRICIA BERNE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                  -15-        S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd