PAUL L. REIN, Esq., (SBN 43053)
JULIE A. OSTIL, Esq., (SBN 215202)
ANN WINTERMAN, Esq., (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiff
PATRICIA BERNE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BERNE,<br><br>    Plaintiff,<br><br>v.<br><br>DESMOND TAN; DAVID AND LING WONG FAMILY TRUST; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____ / | CASE NO. C07-03486 CW<br><u>Civil Rights</u><br><br>**FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING (CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955, *et seq.);* INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PATRICIA BERNE complains of Defendants DESMOND TAN; DAVID AND LING WONG FAMILY TRUST; and DOES 1-25, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible restaurant facilities, including denial of accessible entrance, seating, path of travel, and restroom facilities, to plaintiff Patricia Berne and other disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -1-                S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

persons at the Burma Superstar restaurant, located at 307 Clement St., San Francisco, California. Plaintiff Patricia Berne is a "person with a disability" or "physically handicapped person." Plaintiff requires the use of a motorized wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair. On April 22, 2007, plaintiff was denied her rights to full and equal access at these facilities, and was denied her civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry, accessible paths of travel, and accessible and usable sanitary facilities. Plaintiff also seeks recovery of damages for her discriminatory experience, and denial of access and of her civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*; Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55.

3. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -2-                S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

4.     **INTRADISTRICT:** This case should be assigned to the Oakland/San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5.     **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk and who requires use of a motorized wheelchair for locomotion. Defendants Desmond Tan; David and Ling Wong Family Trust; and Does 1-25, Inclusive, are the owners, operators, lessors, and lessees of the business, property, building and/or portions thereof located at 309 Clement St., San Francisco, California. This restaurant, Burma Superstar, (hereinafter also "Restaurant") is a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§ 51, 54, *et seq.* Such facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq.* Such alterations since July 1, 1982 also subjected the building to requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

6.     The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7.     Defendants Desmond Tan; David and Ling Wong Family Trust; and Does 1-25, Inclusive, are and were the owners, operators, lessors and lessees of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW            -3-            S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

1  the subject business, property and/or building at all times relevant to this
2  Complaint. Plaintiff is informed and believes that each of the defendants herein is
3  the agent, employee or representative of each of the other defendants, and
4  performed all acts and omissions stated herein within the scope of such agency or
5  employment or representative capacity and is responsible in some manner for the
6  acts and omissions of the other defendants in proximately causing the damages
7  complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
**(California Health & Safety Code §§ 19955, *Et Seq.*, Civil Code §54.1)**

12    8.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

15    9.    Plaintiff Patricia Berne and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

21    10.    Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." The Government Code sections enacted in 1968 required provision of access in government buildings upon new construction or alteration. In 1970 California Health & Safety Code §§ 19955-19959 applied these standards to privately owned public accommodations. On information and belief the provisions of both Health and Safety Code §§

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                -4-                S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

19955 and 19955.5, apply to the restaurant located at 309 Clement St., San Francisco, California. The code relating to such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450*ff.*

11. **FACTUAL STATEMENT:** On or about April 22, 2007, plaintiff Patricia Berne went to the Burma Superstar restaurant at 309 Clement St., San Francisco, to have dinner there with friends. Because she had heard that the Restaurant was popular, she arrived shortly after 5 p.m., but still had to wait a considerable length of time because plaintiff was told by defendants' employees that the Restaurant has a <u>policy</u> of not taking reservations, even for physically disabled persons. However, plaintiff was not able to wait inside the Restaurant, as the only "waiting area" inside the Restaurant was on a fixed bench, against a wall, just inside the front entrance; if plaintiff in her motorized wheelchair had tried to wait anywhere inside the front entrance she would have totally blocked all other persons from entry into the Restaurant. For this reason defendants "no reservations" policy improperly impacts and discriminates against disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                -5-              S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

wheelchair users, as does the provision of a "waiting area" which cannot be used by plaintiff and other similarly situated disabled persons.

12. After a substantial wait, plaintiff and her party were invited into the restaurant to be seated. Plaintiff had some difficulty entering the Restaurant, as the doorway was approximately five inches too narrow, and there is an improperly steep entry ramp. Moreover, in order for plaintiff to reach any of the tables in the Restaurant it was necessary to have other patrons stand while their tables were moved to the side, as the Restaurant does not maintain any proper interior paths of travel of sufficient width for a wheelchair to pass through the Restaurant. This is also true for going from any of the tables to the single unisex restroom. Although plaintiff required use of the restroom facilities during her meal, she was unable to pass through the tables and the patrons seated at their tables to reach the restroom, and departed the Restaurant in substantial physical discomfort. However, based on inspection by plaintiff's representatives subsequent to plaintiff's visit, had plaintiff been able to get to the restroom she would still have been unable to use it as the path of travel into the restroom was blocked, the doorway to the restroom is not properly configured, has improper knob type hardware and improperly designed and located locking mechanisms, and the interior of the restroom is not sufficiently large for a disabled person with a motorized wheelchair to make use of the toilet or sink. On information and belief, the toilet and sink are each not properly configured: the grab bars behind or to the side of the toilet are of insufficient size and improperly located; the toilet is not at the proper distance from the wall; the sink is not properly designed to allow wheelchair use; and furniture, cabinets, and other materials further reduce the usable space inside the restroom. For all intents and purposes, the restroom is totally unusable by physically disabled persons who require use of a wheelchair, such as plaintiff. On information and belief, the restroom is also inaccessible to most other mobility impaired physically disabled persons.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW         -6-         S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

13. This public facility is inaccessible to persons with disabilities in multiple aspects, including but not limited to the following: entrance, interior paths of travel, service counters, public restroom, and dining areas, all rendering these premises inaccessible to and unuseable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW         -7-         S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public buildings and facilities, and cannot return to use these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that she intends to return and patronize this restaurant, once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

17. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code §55, and other law. Plaintiff further requests that the court award attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

18. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of her civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to her damages per Civil Code §54.3, including damages for physical, mental and emotional injuries, statutory damages, and statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

19. **FEES AND COSTS:** As a result of defendants' acts, omissions, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -8-        S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

Wherefore plaintiff prays for relief as hereinafter stated:

## SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF DISABILITY

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 19, above, and incorporates them herein by reference as if separately repled hereafter.

21. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

22. Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -9-            S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*FF*

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 22 of this Complaint, and incorporates them herein as if separately repled.

24. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -10-         S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

25. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

26. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per §301(7)(B), which includes any "restaurant, bar, or other sales or rental establishment serving food or drink."

27. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

28. Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                -11-                S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services....:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff*.

29.  The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA.

30.  On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of her disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -12-                S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

31. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title and has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

32. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

Wherefore plaintiff prays for relief as hereinafter stated:

//
//
//
//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                    -13-           S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

## PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. For prejudgment interest pursuant to California Civil Code § 3291;

6. Grant such other and further relief as this Court may deem just and proper.

Dated: June 30 2008

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

*Julie Ostil*

Attorneys for Plaintiff
PATRICIA BERNE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW

-14-

S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 30, 2008

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

*/s/ Julie Ostil*
Attorneys for Plaintiff
PATRICIA BERNE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-03486 CW                  -15-          S:\SLR\BURMA SUPERSTAR\PLEADINGS\BURMASUPERSTAR.FAC.wpd