1  PAUL L. REIN, Esq. (SBN 43053)
   JULIE OSTIL, Esq. (SBN 215202)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Dr., Suite A
3  Oakland, CA 94612
   (510) 832-5001
4
   Attorneys for Plaintiff
5  PATRICIA BERNE

6  JONATHON MORRISON, Esq.
   YOUNGMAN, ERICSSON & LOW, LLP
7  1981 N. Broadway, Suite 300
   Walnut Creek, CA 94596
8  (925) 930-6000

9  Attorneys for Defendant
   THE LING WONG AND DAVID WONG
10 FAMILY PARTNERS, a California limited
   Partnership
11

12

13                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
14

15    PATRICIA BERNE                    CASE NO. C07-03486 CW
                                        Civil Rights
16          Plaintiff,

17    v.                               CONSENT DECREE AND [PROPOSED]
                                       ORDER
18
      DESMOND TAN; DAVID AND
19    LING WONG FAMILY TRUST; and
      DOES 1-25, Inclusive,
20
            Defendants.
21    _____

22

23    **CONSENT DECREE AND ORDER**

24          1.      Plaintiff PATRICIA BERNE filed a First Amended Complaint in this action on

25    July 10, 2008, to obtain recovery of damages for her discriminatory experiences, denial of

26    access, and denial of her civil rights, and to enforce provisions of the Americans with

27    Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws

28    against Defendants, DESMOND TAN; DAVID AND LING WONG FAMILY TRUST,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:                                              1
Case No. C07-03486 CW
s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc

1    relating to the condition their public accommodations as of Plaintiff's visit of April 22, 2007,

2    and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections

3    51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.,* of the

4    California Health and Safety Code by failing to provide full and equal access to their facilities

5    at the Burma Superstar Restaurant located at  307 Clement St., San Francisco, California.

6    　　　　2.　　　Defendants DESMOND TAN; DAVID AND LING WONG FAMILY TRUST,

7    deny the allegations in the Complaint and by entering into this Consent Decree and Order do

8    not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The

9    parties hereby enter into this Consent Decree and Order for the purpose of resolving this

10   lawsuit without the need for protracted litigation, and without the admission of any liability.

11

12   **JURISDICTION:**

13   　　　　3.　　　The parties to this Consent Decree agree that the Court has jurisdiction of this

14   matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act

15   of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations

16   of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code

17   of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

18   　　　　4.　　　In order to avoid the costs, expense, and uncertainty of protracted litigation, the

19   parties to this Consent Decree agree to entry of this Order to fully resolve all claims raised in

20   the Complaint filed with this Court, including all of the claims in the Complaint relating to

21   injunctive relief, compensatory damages, and reimbursement for fees and costs (including

22   attorneys fees).  Accordingly, they agree to the entry of this Order without trial or further

23   adjudication of any issues of fact or law concerning Plaintiff's claims.

24   　　　　WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the

25   Court's entry of this Consent Decree and Order, which provides as follows:

26

27   **SETTLEMENT OF INJUNCTIVE RELIEF**:

28   　　　　5.　　　This Order shall be a full, complete, and final disposition and settlement of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C07-03486 CW

2

s:\jr\cases\b\burma superstar\pleadings\consent decree - clean.doc

1  Plaintiff's claims against Defendants that have arisen out of the subject Complaint.  The parties

2  agree that there has been no admission or finding of liability or violation of the ADA and/or

3  California civil rights laws, and this Consent Decree and Order should not be construed as

4  such.

5        6.      The parties agree and stipulate that the corrective work will be performed in

6  compliance with the standards and specifications for disabled access as set forth in the

7  California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility

8  Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

9  All of the remedial work will be maintained in an accessible and code-compliant state.

10       7.      <u>Remedial Measures</u>: The corrective work agreed upon by the parties is as

11 follows:

12       a)    <u>Entry doors</u> - Defendants will install an automatic (power) door opener in order

13             to remediate the issues of kickplate, push pressure, and door width.

14             Alternatively, defendants may choose to replace the doors with compliant

15             accessible doors.

16       b)    <u>Entry door landing and interior ramp</u> - Defendants agree to remediate these

17             problems by doing the two following things.  First, they will raise the interior

18             landing of the restaurant so that the entire restaurant is on one level.  This means

19             that they will need to raise up the entry doorway itself so that the entry to the

20             restaurant is on the same level as the interior floor.  Raising the doorway will

21             create a step down from the doorway to the level of the sidewalk.  Second,

22             defendants will ramp the sidewalk on either side of the entry door - create a

23             gentle slope up to the entry door level on either side of the doorway.  Defendants

24             may use the specifications sheet provided by the City of San Francisco for this

25             purpose.

26       c)    <u>Seating</u> - One wheelchair accessible table will be provided, and it will be on an

27             accessible (36" wide) route.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:                                                3
Case No. C07-03486 CW

s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc

d)     <u>Path of travel to the restroom</u> - The mat between the dining area and the restroom will either be removed or attached firmly to the floor.

e)     <u>Restroom</u> - Defendants will perform the recommendations found in their own expert report (attached hereto as Exhibit A) with the following modification: the new toilet installed will be a small-sized "short boy" toilet which will allow for more clear floor space in the restroom than a larger toilet unit would.

f)     <u>Policy</u> – Restaurant operator(s) will ensure that disabled persons are notified as soon as an accessible table becomes available, whether the patron is waiting inside or outside.  Further, the accessible table will be held for last assignment.

8.     <u>Timing of Injunctive Relief</u>:  Defendants will submit plans for all corrective work to the appropriate governmental agencies within 30 days of entry of this Consent Decree and Order by the court, will commence work within 30 days of receiving approval from the appropriate agencies, and will complete all work within 60 days of commencement.  For work not requiring building permits, the work will be completed within 30 days of entry of this Consent Decree and Order by the court.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

9.     The parties have reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs.  The agreement is as follows:  Defendants will pay to plaintiff a total of $51,000.  Payment shall be made in four installments:  The first installment shall be $17,000 paid no later than July 1, 2008.  Thereafter, three equal payments of $11,333.33 shall be made on September 1, 2008, November 1, 2008, and January 1, 2009.  If any payment is more than ten days late, the entire amount shall immediately become due and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. C07-03486 CW**

4

s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc

1    payable.  Payment will be made by check payable to "Paul L. Rein in Trust for Patricia Berne."

2    This agreement satisfies plaintiff's claims for personal injury, civil rights, emotional distress,

3    and any other form of damages, as well as plaintiff's claims for attorney fees, litigation

4    expenses and costs.

5

6    **ENTIRE CONSENT ORDER**:

7        10.    This Consent Decree and Order and Attachment A to this Consent Decree,

8    which is incorporated herein by reference as if fully set forth in this document, constitutes the

9    entire agreement between the signing parties, and no other statement, promise, or agreement,

10   either written or oral, made by any of the parties or agents of any of the parties, that is not

11   contained in this written Consent Decree and Order, shall be enforceable regarding the matters

12   described herein.

13

14   **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

15       11.    This Consent Decree and Order shall be binding on Plaintiff PATRICIA

16   BERNE; Defendants DESMOND TAN; DAVID AND LING WONG FAMILY TRUST; and

17   any successors in interest.  The parties have a duty to so notify all such successors in interest of

18   the existence and terms of this Consent Decree and Order during the period of the Court's

19   jurisdiction of this Consent Decree and Order.

20

21   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

22       12.    Each of the parties to this Consent Decree understands and agrees that there is a

23   risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them

24   will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which

25   are unknown or unanticipated at the time this Consent Decree is signed.  Except for all

26   obligations required in this Consent Decree, the parties intend that this Consent Decree apply to

27   all such further loss with respect to the Lawsuit, except those caused by the parties subsequent

28   to the execution of this Consent Decree. Therefore, except for all obligations required in this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:                5
Case No. C07-03486 CW

s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc

Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

13.    Except for all obligations required in this Consent Decree, the plaintiff on behalf of plaintiff and plaintiff's respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges the defendants WONG FAMILY PARTNERS and DESMOND TAN and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of the defendants from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with this Lawsuit.

14.    Except for all obligations required in this Consent Decree, the defendants WONG FAMILY PARTNERS and DESMOND TAN on behalf of themselves and their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges the plaintiff and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of the plaintiff from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with this Lawsuit.

15.    Notwithstanding any other provision in this Consent Decree, defendant WONG FAMILY PARTNERS (erroneously sued as DAVID AND LING WONG FAMILY TRUST)

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C07-03486 CW

6

s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc

expressly retains any and all claims that it has or may have against DESMOND TAN, CARL

VELASCO and/or EAST WEST HOLDINGS dba BURMA SUPERSTAR RESTAURANT,

including the claims brought against some or all of them in that certain "Cross-Complaint For

Implied and Equitable Indemnity, Partial and Implied Equitable Indemnity, Comparative Fault,

and Express Indemnity" filed by WONG FAMILY PARTNERS as a cross-complaint to this

action.  In no way shall any provision in this Consent Decree be interpreted to constitute a

waiver of any of WONG FAMILY PARTNERS' rights under the Lease Agreement, or the

"Rider to Lease" agreement in which DESMOND TAN personally guarantees EAST-WEST

HOLDINGS' performance under the Lease Agreement.  Therefore, WONG FAMILY

PARTNERS shall retain its rights for indemnification for the full amount of any and all

damages, fees, costs, attorneys fees, and litigation expenses that it is entitled to under the Lease

Agreement and the Rider to Lease personal guaranty including, but not limited to, fees and

costs incurred by WONG FAMILY PARTNERS in this action or related actions, and

reimbursement with interest for any fees, costs or payments that WONG FAMILY

PARTNERS may make in connection with this Consent Decree.

**TERM OF THE CONSENT DECREE AND ORDER**:

16.    This Consent Decree and Order shall be in full force and effect for a period of

twelve (12) months after the date of entry of this Consent Decree and Order, or until the

injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court

shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months

after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is

completed, whichever occurs later.

**SEVERABILITY**:

17.    If any term of this Consent Decree and Order is determined by any court to be

unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in

full force and effect.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C07-03486 CW

7

s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc

1

2  **SIGNATORIES BIND PARTIES**:

3        18.    Signatories on the behalf of the parties represent that they are authorized to bind

4  the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

5  counterparts and a facsimile signature shall have the same force and effect as an original

6  signature.

7

8  **WAIVER OF RIGHT TO COUNSEL**

9        19.    Defendant Desmond Tan, by signing this agreement, knowingly and willfully

10  waives his right to have counsel represent him in this action.  Desmond Tan has read this

11  Consent Decree and Order fully and understands all of its terms, and consents thereto.

12  Desmond Tan has been offered an opportunity to consult with counsel of his choice and has

13  declined to do so.

14

15  **CONTINGENCY OF AGREEMENT**

16        20.    THE AGREEMENT OF DEFENDANT DAVID AND LING WONG FAMILY

17  PARTNERS TO THIS CONSENT DECREE AND ORDER IS ENTIRELY CONTINGENT

18  UPON THE COURT GRANTING THE PARTIES' STIPULATION TO ADD DESMOND

19  TAN AS AN INDIVIDUAL DEFENDANT, WHICH STIPULATION IS TO BE DRAFTED

20  AFTER THE SIGNING OF THIS CONSENT DECREE BUT TO BE FILED PRIOR TO THE

21  CONSENT DECREE BEING FILED.

22  //

23  //

24  //

25  //

26  //

27  //

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C07-03486 CW

8

s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc

1     Dated: June 20, 2008              _____/s/ Patricia Berne_____
2                                             Plaintiff PATRICIA BERNE

3     Dated: July 22, 2008               _____/s/ Desmond Tan_____
4                                             Defendant DESMOND TAN

    Dated: July 31, 2008               _____/s/ David Wong_____
5                                             Defendant THE LING WONG AND DAVID
6                                           WONG FAMILY PARTNERS, a California
                                          limited partnership, erroneously sued as DAVID
                                          AND LING WONG FAMILY TRUST
7                                           By: David Wong, sole member of Ling and David
8                                           Wong, LLC, a California limited liability
                                          company, General Partner of The Ling Wong and
9                                           David Wong Family Partners

    APPROVED AS TO FORM:
10
    Dated: July 29, 2008               PAUL L. REIN
11                                           JULIE A. OSTIL
                                          ANN WINTERMAN
12                                           LAW OFFICES OF PAUL L. REIN

13                                        _____/s/ Paul L. Rein_____
14                                           Attorneys for Plaintiff
15                                           PATRICIA BERNE

16
    Dated: August 4, 2008              JONATHON MORRISON, Esq.
17                                           YOUNGMAN, ERICSSON & LOW, LLP

18

19                                        _____/s/ Jonathon Morrison_____
20                                           Attorney for Defendant
                                          THE LING WONG AND DAVID WONG
21                                           FAMILY PARTNERS, a California limited
                                          partnership
22

23                                  **<u>ORDER</u>**

24     Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

25

26     Dated: _____, 2008              _____

27                                           Honorable Claudia Wilken
                                          United States District Judge
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:                     14
Case No. C07-03486 CW

s:\jo\cases\b\burma superstar\pleadings\consent decree - clean.doc